UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAISLEY LYNE STEVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>EVANS DANIEL LYNE, as Trustee and Beneficiary, AND DEIRDRE LYNE CHURCHILL, as Beneficiary,<br><br>    Defendants. | No. 24-cv-13278<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

This case arises out of Plaintiff's attempt to invalidate a 2020 trust of which she and Defendants, her siblings, are beneficiaries. Plaintiff asks the Court to remand the case to the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois. R. 25. For the following reasons, that motion is denied.

**Background**

I.    Factual Background

Plaintiff alleges the following facts in her complaint. On April 4, 2012, Dr. Everett Lyne and Dorothy Evans Lyne, the parties' parents, executed their wills and conveyed a Gull Lake, Michigan property ("the Property") into a revocable trust ("2012 Trust"), for which Dorothy was the trustee. R. 1 ("Compl.") ¶¶ 7, 12–14. The 2012 Trust provided that the Property would be kept and shared by the family or sold with equal division of the proceeds between the parties. *Id.* ¶¶ 16–17. As Dorothy's Alzheimer's disease progressed, Defendant Evans Daniel Lyne ("Daniel"), the

1

successor trustee of the 2012 Trust, began managing Dorothy's finances and took a series of actions related to the Property for his own benefit. *Id.* ¶ 21. Daniel conveyed the Property from the 2012 Trust to the Everett Dennis Lyne Revocable Trust in October 2016, and then to Dorothy individually in April 2020. *Id.* ¶¶ 22, 24. In July 2020, Daniel conveyed the Property to Dorothy and himself with a right of survivorship and mortgaged the Property. *Id.* ¶¶ 26, 28. In October 2020, Daniel conveyed his interest in the Property back to Dorothy individually and then from Dorothy to the Dorothy Lyne 2020 Family Trust ("2020 Trust") through defective warranty deeds. *Id.* ¶¶ 29–31.

The 2020 Trust dilutes the interest of any beneficiary who cannot contribute approximately $30,000 per year. *Id.* ¶¶ 34, 35. It also permits the trustee to compel payment of required expenses for the Property and provides for further dilution if payment is not made. *Id.* The 2020 Trust names Daniel as the trustee, and his attorney, Lauren Wolven, as the trust protector. *Id.* ¶ 36. As trustee, Daniel has refused to lease the Property; demanded that each of the siblings contribute $30,000 in May 2021 and $35,000 in April 2024 with the threat of dilution; and failed to provide a proper accounting of the assets and liabilities of Dorothy and the 2020 Trust. *Id.* ¶¶ 43–45, 49–51. Daniel has also used the Property for his own benefit and barred Plaintiff from using the Property except in the winter months. *Id.* ¶¶ 39–41, 49.

II. Procedural History

2

This is one of several actions filed by Plaintiff in the United States District Court for the Northern District of Illinois, Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois ("DuPage County Court"), and Michigan Probate Court between 2022 and 2024 in connection with the 2020 Trust and/or the Property. Relevant here, Plaintiff filed a petition to appoint an independent executor to probate Dorothy's estate and a petition to probate a will, issue letters testamentary, and a citation to discover assets in the DuPage County Court on November 1, 2024. *See In re Estate of Dorothy Evans Lyne*, Case No. 2024 PR 000847. That matter remains pending. Several days later, on November 6, 2024, Plaintiff filed this action in the Chancery Division of DuPage County Court seeking a declaratory judgment that the 2020 Trust is invalid. Daniel removed the latter case to this Court on December 27, 2024. Plaintiff seeks to remand this case to the DuPage County Court.[1]

## Discussion

Plaintiff argues that the probate exception deprives this Court of subject matter jurisdiction over this suit. "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). The probate exception has a "'distinctly limited scope'" and applies to "only three types of claims":

---

[1] While Plaintiff styled her motion as a motion to "dismiss and remand," the Court understands Plaintiff to be requesting remand, not dismissal.

3

(1) "claims seeking to probate or annul a will or administer an estate—core probate functions"; (2) "claims that, although not invading probate's core, nonetheless 'interfere' with it"; and (3) "claims when there are 'sound policy' reasons to do so." *Wolfram v. Wolfram*, 78 F. Supp. 3d 758, 763 (N.D. Ill. 2015) (quoting *Marshall*, 547 U.S. at 311) (cleaned up).[2] Plaintiff argues that the claims in this case fall within the first and second categories.

Plaintiff's claim does not require the Court to probate a will or administer an estate. Plaintiff nonetheless argues that the determination of the validity of the 2020 Trust would result in the reallocation of Trust assets between beneficiaries, which, in her view, is a core probate function. But the Seventh Circuit precedent on which Plaintiff relies does not support such a broad view. In *Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006), the Seventh Circuit held that the probate exception applied where the plaintiff's complaints "about the maladministration of her father's estate by the Cook County probate court" were "tantamount to asking the federal district court to take over the administration of the estate." Two years later, in *Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008), the Seventh Circuit held that the probate exception did not apply to a suit that "would just add assets to the decedent's estate" and "would not reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the

---

[2] Defense counsel relies on the framework outlined in *Georges v. Glick*, 856 F.2d 971, 972 (7th Cir. 1988), *cert. denied*, 489 U.S. 1097 (1989) for determining when the probate exception applies. But *Glick* preceded *Marshall*, which clarified the contours of the exception, so the Court looks to *Marshall* instead.

4

estate." Here Plaintiff's complaint does not ask the Court to "take over the administration of an *estate*," *Jones*, 465 F.3d at 307 (emphasis added), or "reallocate *the estate's* assets among contending claimants," *Gustafson*, 546 F.3d at 400 (emphasis added). At the time of her death, Dorothy did not own the Property; the 2020 Trust did. So, as it stands today, the Property is an asset of the 2020 Trust, not Dorothy's estate. Certainly, Plaintiff contends that the 2020 Trust is invalid, and the Court may eventually agree. But that is another way of saying that the effect of a judgment in Plaintiff's favor may be to add assets to Dorothy's estate for future allocation, which does not fall within the probate exception. *Id.*

By the same token, Plaintiff's claim does not interfere with core probate functions. A claim only "interferes" with core probate functions if it "require[s] the federal court to take *in rem* jurisdiction over a *res* currently subject to a state court's *in rem* jurisdiction." *Wolfram*, 78 F. Supp. 3d at 764 (citing *Marshall*, 547 U.S. at 311). True, there is a pending probate case in DuPage County Court. But here again, the Property is not presently part of the probate estate, so it is not within the *in rem* jurisdiction of that court. *See Lee Graham Shopping Ctr., LLC v. Est. of Kirsch*, 777 F.3d 678, 681 (4th Cir. 2015) (probate exception did not apply to declaratory judgment action seeking to void transfer of a partnership interest to a trust where the requested judgment would not order distribution of property out of the estate's assets, though it could affect future distributions, and the interest was currently held by trust and thus was not in the custody of the probate court); *Curtis v. Brunsting*, 704 F.3d 406, 410 (5th Cir. 2013) ("[B]ecause the assets in a living or inter vivos trust are not

5

property of the estate at the time of the decedent's death, having been transferred to the trust years before, the trust is not in the custody of the probate court and as such the probate exception is inapplicable[.]"). Further, it is not at all clear that considering or even granting the declaratory judgment sought by Plaintiff "determining the invalidity of [the 2020 Trust]," R. 1 at 7, requires this Court to take *in rem* jurisdiction over the Property. For those reasons, Plaintiff's claim does not "interfere" with core probate functions as defined in *Marshall*, and the probate exception does not apply.

## Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for remand.

ENTERED:

*Thomas M. Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: July 22, 2025