UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAISLEY LYNE STEVENS, | |
| Plaintiff, | No. 24-cv-13278 |
| v. | Judge Thomas M. Durkin |
| EVANS DANIEL LYNE, as Trustee and Beneficiary, AND DEIRDRE LYNE CHURCHILL, as Beneficiary, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of Plaintiff's attempt to invalidate a trust, of which she is a beneficiary. She brings this suit against her siblings Evans Daniel Lyne, as trustee and beneficiary, and Deirdre Lyne Churchill, as beneficiary (collectively "Defendants"). Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). R. 10. For the following reasons, that motion is granted.

**Background**

I. Factual Background

The following facts are alleged in Plaintiff's pleading in this case. On April 4, 2012, Dr. Everett Lyne and Dorothy Evans Lyne, the parties' parents, executed their wills and conveyed a Gull Lake, Michigan property ("the Property") into a revocable trust ("2012 Trust"), for which Dorothy was the Trustee. R. 1 ("Compl.") ¶¶ 7, 12–14. The 2012 Trust provided that the Property would be kept and shared by the family or sold with equal division of the proceeds between the siblings. *Id.* ¶¶ 16–17.

1

Defendant Evans Daniel Lyne ("Daniel") was named as Dorothy's agent pursuant to a Power of Attorney ("POA") and Successor Trustee of the 2012 Trust, and as Dorothy's Alzheimer's disease progressed, he began managing her finances and took a series of actions related to the Property for his own benefit. *Id.* ¶¶ 21, 26, 33. Daniel conveyed the Property from the 2012 Trust to the Everett Dennis Lyne Revocable Trust in October 2016, and then, acting under POA, to Dorothy individually in April 2020. *Id.* ¶¶ 22, 24. In July 2020, Daniel conveyed the Property to Dorothy and himself with a right of survivorship and mortgaged the Property. *Id.* ¶¶ 26, 28. In October 2020, Daniel conveyed his interest in the Property back to Dorothy individually and then from Dorothy to the Dorothy Lyne 2020 Family Trust ("2020 Trust"), which he had created in April 2020, through defective warranty deeds. *Id.* ¶¶ 29–31.

The 2020 Trust dilutes the interest of any beneficiary who cannot contribute approximately $30,000 per year. *Id.* ¶¶ 34, 35. It also permits the Trustee to compel payment of required expenses for the Property and provides for further dilution if payment is not made. *Id.* The 2020 Trust names Daniel as the Trustee, and his attorney, Lauren Wolven, as Trust Protector. *Id.* ¶ 36. As Trustee, Daniel has refused to lease the Property; demanded that each of the siblings contribute $30,000 in May 2021 and $35,000 in April 2024 with the threat of dilution; and failed to provide a proper accounting of the assets and liabilities of Dorothy and the 2020 Trust. *Id.* ¶¶ 43–45, 49–51. Daniel has also used the Property for his own benefit and barred Plaintiff from using the Property except in the winter months. *Id.* ¶¶ 39–41, 49.

2

II. Procedural History

Plaintiff filed a number of actions in the United States District Court for the Northern District of Illinois, the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois ("DuPage County Court"), and the Michigan Probate Court between 2022 and 2024 related to the 2020 Trust and/or the Property.

A. 2022 Federal Case

On November 11, 2022, Plaintiff filed a federal suit alleging that Daniel and Wolven breached various duties in connection with the 2020 Trust. *See Paisley Stevens v. Evans Daniel Lyne, et al.*, No. 22-cv-06308 (N.D. Ill. 2022). She described how her parents purchased the Property in the 1990s with an intent to keep it in the family for future generations to enjoy, how Dorothy's Alzheimer's disease progressed, and how Daniel was given POA. R. 11 at pp. 92–93 ¶¶ 17–27. She alleged that Daniel, with POA, created and signed the 2020 Trust, which was drafted by Wolven as Trust Protector, and deeded the Property into it. *Id.* at p. 91 ¶¶ 2, 4, 6, pp. 93–94 ¶¶ 28–38. She further asserted that Daniel refused to lease the Property, excluded Plaintiff from using it, and made demands that Plaintiff and the other beneficiaries pay to support it or else face dilution of their interest, in violation of the terms of the Trust. *Id.* at pp. 94–98 ¶¶ 39–42, 51, 53, 56–60. She added that 2020 Trust mortgaged the Property, which generated proceeds that were used by Daniel for his personal benefit. *Id.* at pp. 98–99 ¶¶ 62–65, p. 104 ¶¶ 89–90. Plaintiff concluded with allegations about Dorothy's incapacitation due to dementia and Daniel's use of her assets for his own benefit rather than her care. *Id.* at pp. 104–105 ¶¶ 85–95. Plaintiff sought an

3

accounting of the 2020 Trust, removal and replacement of Daniel and Wolven as Trustee and Trust Protector, the return of any compensation paid to Daniel and Wolven, a refund of amounts paid by beneficiaries to the 2020 Trust, the appointment of a guardian for Dorothy, termination of Daniel's POA, and damages. In December 2022, Plaintiff voluntarily dismissed the case.

      B.     2023 DuPage County Case

On September 21, 2023, Plaintiff filed a petition in the DuPage County Court requesting the appointment of a guardian for Dorothy, an accounting of the 2020 Trust, and an inventory of Dorothy's estate. *See In re Estate of Dorothy Evans Lyne*, No. 2023 GR 000364 (Cir. Ct. DuPage County). In that petition, she alleged facts about Dorothy's incapacitation from dementia. R. 11 at pp. 149–150 ¶¶ 3–4, p. 152 ¶ 30. She also alleged how Daniel created the 2020 Trust and deeded the Property into it; refused to lease or sell the Property to raise funds for Dorothy's continued care; refused to provide information about Dorothy's assets and accounts; directed loan proceeds from the 2020 Trust into an account for his benefit; and used the POA to enrich himself and deplete Dorothy's estate. *Id.* at 150–52 ¶¶ 8–12, 19–22, 25–28. After Dorothy passed away on January 28, 2024, the case was dismissed with prejudice. *Id.* at p. 156.

      C.     2024 Michigan Case

On May 20, 2024, Plaintiff filed a Petition for Instruction Regarding Trust and Removal of Trustee in the Barry County, Michigan Probate Court. *See In re: Dorothy*

4

*Evans Lyne Revocable Trust U/A/D April 4, 2012*, No. 2024-29805-TV ("2024 Michigan Case"). Plaintiff alleged, in relevant part:

- Everett and Dorothy purchased the Property in the 1990s and expressed a desire to keep the Property in the family for their children and future generations to enjoy. R. 11 at pp. 159–60 ¶¶ 9, 11.

- Everett and Dorothy created the 2012 Trust, which provided that the Property was to stay in the family if possible, or be sold or otherwise distributed with each of the siblings receiving a one-third share, and deeded the Property to the trust. *Id.* at pp. 160–62 ¶¶ 12–17, 19.

- Dorothy's Alzheimer's disease progressed, and Daniel, with POA and as Successor Trustee, took over her finances. *Id.* at p. 162 ¶¶ 21–22.

- Daniel has used the Property as his own, taken control of Dorothy's property, and taken out loans in her name or the Trust's and refused to explain their nature or use. *Id.* at pp. 162–63 ¶¶ 24–25, 28.

- Daniel has refused to let Plaintiff visit the Property or only given her the option of visiting during the winter months. *Id.* at p. 162 ¶ 27, pp. 166–67 ¶¶ 43, 46, p. 169 ¶ 54.

- On April 8, 2020, Daniel, as POA, created and signed the 2020 Trust, which named him as Trustee and Wolven as Trust Protector, and later deeded the Property to the 2020 Trust. *Id.* at pp. 163–64 ¶¶ 29–31, p. 165 ¶ 34.

- The 2020 Trust eviscerates Dorothy's intention, as expressed in the 2012 Trust, to keep the Property in the family and distribute sale proceeds equally between the siblings by diluting the interest of beneficiaries who do not contribute to Property-related expenses. *Id.* at p. 164 ¶¶ 32–33, p. 166 ¶ 41, p. 168 ¶ 52.

- Daniel demanded that each of the siblings contribute $30,000 in May 2021 and $35,000 in April 2024 or face dilution of their interest. *Id.* at pp. 165–67 ¶¶ 38–40, 46.

- Daniel has refused to lease the property. *Id.* at pp. 165–67 ¶¶ 37, 43, 46.

- Daniel has failed to provide the beneficiaries with an accounting of Dorothy's assets or the trusts. *Id.* at pp. 166–67 ¶¶ 45, 46, p. 168 at ¶ 53.

5

Plaintiff asked the court to "[p]rovide instruction that the 2020 Trust should be disregarded and the 2012 Trust honored and administered" and that the Property "be administered in accordance with the terms of the 2012 Trust." *Id.* at p. 172 ¶¶ 43–44. She also sought to remove and replace Daniel as Trustee; compel an accounting; enjoin further payment from either trust without court approval; and obtain money damages and attorney fees. On September 25, 2024, the Michigan court granted Daniel's motion for summary judgment and dismissed the case with prejudice.[1] *Id.* at pp. 176–77.

### D. 2024 DuPage County Injunction Case

About a week after filing the 2024 Michigan Case, Plaintiff filed another suit in DuPage County Court against Defendants. *See Paisley Lyne Stevens v. Evans Daniel Lyne and Deirdre Lyne Churchill*, 2024 CH 000133 ("2024 DuPage County Injunction Case"). She sought to maintain the status quo while the Michigan court determined which trust controlled and whether to remove Daniel as Trustee. R. 11 at pp. 179–80, 188. Plaintiff described the 2024 Michigan Case and attached the complaint along with the 2020 Trust. *Id.* at pp. 182, 187, 233–70. She also alleged that Dorothy had previously worked with an estate planning attorney to inventory and designate who was to inherit certain items; that Defendants sold many of Dorothy's personal belongings without notice to Plaintiff or any accounting of the

---

[1] Plaintiff states that the 2024 Michigan Case was dismissed for lack of jurisdiction and was refiled in Illinois in two parts, the 2024 DuPage County Probate Case and this action. R. 15 at 8–9. *But see id.* at 9 (also stating that this action was not a refiling of the 2024 Michigan Case because Illinois does not recognize a "petition for instruction" regarding a trust).

6

proceeds; that Defendants failed to account for the source of the funds used to purchase and renovate Dorothy's home, which Deirdre purchased and then sold; and that Daniel refused to provide information about other estate assets like Dorothy's life insurance policies. *Id.* at pp. 181–84. Plaintiff sought to enjoin Defendants from selling, distributing, liquidating, or transferring estate property; compel Daniel to provide an inventory of the estate; and convey all unsold property to the estate. *Id.* at pp. 180, 188. On August 21, 2024, the court denied Plaintiff's petition, and on October 10, 2024, the court denied Defendants' motion for sanctions and closed the case. *Id.* at pp. 278–79.

    E.  2024 DuPage County Probate Case

On November 1, 2024, Plaintiff filed a petition in the Probate Division of the DuPage County Court to remove Daniel as Executor/Trustee and appoint an independent executor and trustee to administer trust and estate property. *See In re Estate of Dorothy Evans Lyne*, Case No. 2024 PR 000847. She also filed, on the same day, a petition to admit Dorothy's will to probate, issue letters of office, and issue a citation compelling Daniel to account for all estate income and expenses and the disposition of Dorothy's property. This case remains pending.

    F.  This Case

On November 6, 2024, Plaintiff filed this action in the Chancery Division of DuPage County Court seeking a declaratory judgment that the 2020 Trust is invalid. The factual allegations are summarized in Section I. Daniel removed the case to this

7

Court on December 27, 2024. R. 1. The Court thereafter denied Plaintiff's motion to remand under the probate exception. R. 33.

## Discussion

Defendants argue that this case should be dismissed because it is barred by *res judicata* and Illinois' single refiling rule and because Plaintiff fails to plead an actual controversy as required in a declaratory judgment action.

Beginning with *res judicata*, district courts ordinarily should not dismiss a complaint based on affirmative defenses such as *res judicata*. *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017). Dismissal is only appropriate "when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law[.]" *Id.* (citations omitted). *Res judicata* applies if there is (1) "a final judgment on the merits rendered by a court of competent jurisdiction," (2) "an identity of cause of action," and (3) "an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302, 703 N.E.2d 883 (1998). If the doctrine applies, a plaintiff is barred from raising "not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales Ltd.*, 664 F.3d 1075, 1079 (7th Cir. 2011) (quoting *Hudson v. City of Chicago*, 228 Ill.2d 462, 889 N.E.2d 210, 217 (2008)).

Plaintiff concedes that the 2024 DuPage County Injunction Case involved a final adjudication on the merits and the same parties as the present case. R. 15 at 11. Thus, the only question is whether there is an identity in the causes of action between

8

the two cases. Illinois uses the transactional test to determine whether there is identity between the causes of action at issue. Under that test, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 184 Ill. 2d at 311, 703 N.E.2d 883. There need not be a "substantial overlap of evidence," so long as the complaints arise from the same transaction or "series of connected transactions." *Chicago Title*, 664 F.3d at 1079. The Court must approach the inquiry "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *River Park*, 184 Ill. 2d at 312, 703 N.E.2d 883 (citation omitted).

The claims presented in this case and the 2024 DuPage County Injunction Case arise from the same group of operative facts. This action seeks to invalidate the 2020 Trust based on Daniel's creation and maladministration of the 2020 Trust, which was in contravention of Dorothy's intent as expressed in the 2012 Trust and to Plaintiff's detriment. The 2024 DuPage County Injunction Case sought to maintain the status quo while the Michigan court considered invalidating the 2020 Trust on the exact same basis. What's more, in the 2024 DuPage County Injunction Case, Plaintiff relied on the existence of the 2012 Trust and Daniel's alleged misconduct in creating and administering the 2020 Trust as support for her likelihood of success on the merits, and incorporated both the 2020 Trust and her complaint from the 2024

9

Michigan Case into her petition. In other words, the petition in the 2024 DuPage County Injunction Case included all the facts necessary to assert the claim she brings here. *Cf. G & E Scrap Processing Co., LLC v. Katz*, 2024 IL App (1st) 230889-U, ¶ 32, *appeal denied sub nom. G & E Scrap Processing Co., LLC*, 256 N.E.3d 984 (Ill. 2025) (finding an identity of causes of action where the petition for removal of a trustee in a prior case and its attachments had all the facts necessary to bring a claim of breach of promissory note against the defendant).

Plaintiff emphasizes that she did not seek to enjoin any conduct with respect to the 2020 Trust in the 2024 DuPage County Injunction Case. Yet the *res judicata* inquiry focuses not on the type of relief sought but rather on the factual circumstances from which the claims arise. *See Torcasso v. Standard Outdoor Sales, Inc.,* 157 Ill.2d 484, 490–91, 626 N.E.2d 225 (1993). Here, viewed pragmatically, both actions derive from the same series of interconnected events, beginning with moving the Property from the 2012 Trust to the 2020 Trust and continuing through Daniel's alleged misconduct in administering the 2020 Trust and he and Deirdre's liquidation of Dorothy's estate property, all of which was allegedly against Dorothy's wishes and Plaintiff's interests. *See Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 558–59 (7th Cir. 2014) (holding that *res judicata* precluded employment discrimination suit that followed defamation suit where the two actions involved several identical factual allegations, asserted that the defendants' conduct was based on the same motives, and described a series of connected transactions that formed a convenient unit).

10

Plaintiff also points out that at the time she filed the 2024 DuPage County Injunction Case, her request to invalidate the 2020 Trust and administer the 2012 Trust was still pending in the 2024 Michigan Case. But after the Michigan court granted summary judgment to Defendants, the 2024 DuPage County Case remained open. Plaintiff could have filed or sought leave to file an amended pleading with her claim to invalidate the 2020 Trust in the 2024 DuPage County Injunction Case before a final judgment was entered. *See Altair Corp. v. Grand Premier Trust & Investment, Inc.*, 318 Ill. App. 3d 57, 63 (2000) (holding that the application of *res judicata* was not fundamentally unfair where the party knew about the facts underlying the claim at issue prior to the final judgment in the prior case and had an opportunity to supplement its pleadings in that prior case but failed to do so).

Therefore, *res judicata* bars the present suit. As such, the Court declines to address whether dismissal is also warranted by Illinois' single refiling rule or by the purported failure to plead an actual controversy.

## Conclusion

For the foregoing reasons, the Court grants the motion to dismiss.

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: September 3, 2025

11